## STATE ex HARTFORD FIRE INS CO v WEYGANDT et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10793. Decided May 18, 1931

JUSTICE, PJ, CROW and KLINGER, JJ, (3rd Dist), sitting.

Schwan, Schwan, Thobaben & Reed, of Cleveland, for State ex.

Boer, Arnold & Tobias, Cleveland, for Weygandt.

**KLINGER, J.**

This limits the questions of fact in dispute between the parties. The Special Master Commissioner therefore, in taking testimony directed his attention to the facts in dispute only. The plaintiffs in this proceeding, to maintain its cause, offered J. T. Musselman as a witness, E. J. McDonald and J. Harold Reed. Mr. Musselman was the stenographer at the trial employed by Mr. Reed. Mr. McDonald was the stenographer at the trial employed by Mr. Boer. Mr. Reed was one of the attorneys in the trial of the case representing The Hartford Fire Insurance Company.

Mr. Reed's testimony is quite emphatic that the questions were asked as set forth in the bill of exceptions and that the rulings were denied or made as indicated in the bill of exceptions. However, the two stenographers' testimony is not so positive; one stenographer did not hear it.

The defendants denied that the motions were made or that the rulings were made as claimed by plaintiff in its bill of exceptions. He is supported by the testimony of Mr. McClelland, Mr. Boer and Mr. Kelley, and one of the stenographers in this contention that the motions were not made and that the rulings were not made as claimed by plaintiff.

This court in reviewing the testimony set forth in the bill of exceptions has come to the conclusion that pandemonium reigned during part of the time in the court room; that the court did not hear the motions if they were made and the court did not rule on the motions.

We believe that a preponderance of the evidence is with the defendant in this pro-

ceeding.

This court is satisfied from the evidence as furnished by the Special Master Commissioner that the motions and exceptions did not reach the attention of the trial court and we believe as a matter of law that the trial court is the proper party for counsel to direct their motions and exceptions and not to the court stenographer and exceptions directed to the stenographer only, that do not reach the attention of the trial court, are not properly incorporated in the bill of exceptions.

The finding and judgment will therefore be in favor of the defendant and the proceedings dismissed.

JUSTICE, PJ and CROW, J, concur.